[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges that he was injured due to the defendant's negligent operation of a bucket loader while repairing a bridge. The sheriff's affidavit indicates that abode service was made at 56 Aetna Street in Naugatuck, and service was also made by leaving a copy of the complaint with the Department of Motor Vehicles.
The defendant moves to dismiss on the ground of insufficient service of process.
The defendant has submitted an affidavit of Brian Festa, an employee of the defendant's employer. No affidavit or memorandum was filed to the contrary. According to Festa, the employer's records indicate that as of April 2, 1991 the defendant no longer lived at 56 Aetna Street. There is no opposing affidavits or brief. Therefore, there was no service which complied with General Statutes Section 52-34 (allowing service by leaving copy at "usual place of abode.")
Pursuant to the provisions of General Statutes Section 52-63, the sheriff also made service upon the commissioner of motor vehicles. This section allows service upon an operator of a motor vehicle for a claim "for damages resulting from his alleged CT Page 2170 negligence . . . in the operation of any motor vehicle"; Section 52-63(a); by serving a copy upon the commissioner of motor vehicles and sending a copy by registered mail to the operator's known address. There is no dispute but that the sheriff followed the proper procedure of Section 52-63(b).
The defendant argues, however, that service cannot be made pursuant to Section 52-63 because the claim is not one for negligent operation of a motor vehicle. The defendant argues that he was operating a bucket loader, as the complaint indicates, and that a bucket loader is not a motor vehicle.
Motor vehicle is defined as "any vehicle propelled or drawn by any nonmuscular power, except . . . special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suited for operation on a highway." General Statutes Section 14-1(47) (emphasis added). General Statutes Section 14-165(i) defines "special mobile equipment" as
 a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway, including but not limited to . . . road construction and maintenance machinery such as asphalt spreaders, bituminous mixes, bucket loaders, tractors other than truck tractors, ditchers, burling graders, finishing machines, motor graders, road rollers, scarifiers, earth moving carry-alls and scrapers, power shovels and drag lines and self-propelled cranes and earth moving equipment. Id. (emphasis added)
The vehicle in question is not a motor vehicle but instead is special mobile equipment. Accordingly, process could not be effectuated pursuant to Section 52-63. No effective service has been made, the motion to dismiss is granted.
FRANK S. MEADOW, JUDGE